Joseph A. Cox, S.
The infant’s mother petitioned in April, 1953 for her appointment as general guardian and at such time alleged that the infant was entitled to an annual income of $1,800 from a trust fund. A decree was made on April 16, 1953 appointing the mother general guardian of the person and property. In May, 1953 an order was made authorizing the general guardian to withdraw from the deposited funds of the infant and to apply to his maintenance the sum of $140 in each month during the year ending April 30, 1954. In 1955 the monthly amount which the guardian was authorized to apply to the infant’s maintenance was increased to $225 and orders were made in 1956 and 1957 authorizing the application of suck monthly amounts. The existing authorization will expire on April 30, 1958. During the period April 30, 1953 through August, 1957 the guardian withdrew from the deposited funds of the infant amounts totalling over $7,000.
On October 1, 1957 the general guardian executed a petition which alleges that she was deluded into believing that the infant was the beneficiary of a trust when in fact he is not; that no property of the infant has been delivered to her and that there now is not and never has been any property of the infant in the State of New York. The petition prays that her appointment *63 as general guardian be vacated. The petition was submitted to this court by an attorney whose name appears thereon as attorney for the petitioner but below the signature of the petitioner, at the foot of the petition, there are the words “ Appearing specially and only for the purpose of vacating and setting aside the Orders and Letters of Guardianship above referred to, as directed by the Surrogate’s Court, New York County.” This attempted special appearance is meaningless.
The petition to vacate the decree granting the letters of guardianship makes no effort to explain the fact that thousands of dollars have been received by the petitioner as general guardian, that such sums have been deposited in a bank to the credit of the infant and that, pursuant to orders of this court, thousands of dollars have been withdrawn from the infant’s account for his maintenance. The receipt and expenditure of these moneys is a complete contradiction of the petitioner’s allegation that she never received any property of the infant.
At the hearing upon this petition it was established that the infant is a beneficiary under the will of his grandfather; that, while the trustees under that will are empowered to withhold payment, the trustees have in fact been making regular payments of income to the petitioner as general guardian; that they are prepared to continue such payments and that the sums heretofore received and expended for the benefit of the infant were received from these trustees. The trustees have stated, quite properly, that they will not make such payments to the petitioner as mother of the infant but to her only in her capacity as general guardian. Under these circumstances the need for a general guardian of the infant’s property is demonstrated beyond all question of doubt and the allegations of the petition herein are completely refuted. The petitioner has shown no basis for vacating the decree which granted the letters of guardianship.
The instant application is not made for permission to resign and were that relief sought it would be necessary to comply with sections 102 and 103 of the Surrogate’s Court Act. These statutory provisions set forth the procedure to be followed and the essential requirements are that the guardian not only set forth facts justifying a resignation but that he procure a judicial settlement of his account. The present petition does not meet these statutory requirements and such alternative relief could not be granted at this time even if it had been sought.
The petition is dismissed. Submit decree.